[782 NYS2d 664]

In the Matter of MARK L. GOLDMAN (Admitted as MARK LAW-RENCE GOLDMAN), an Attorney, Resignor.

Second Department, October 18, 2004

**APPEARANCES OF COUNSEL**

*Sarah Diane McShea*, New York City, for resignor.

*Robert P. Guido*, Hauppauge (*Leslie B. Anderson* of counsel), for Grievance Committee for the Tenth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Mark L. Goldman, admitted as Mark Lawrence Goldman, has submitted an affidavit dated January 26, 2004, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Goldman was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 19, 1980, under the name Mark Lawrence Goldman.

On June 17, 2003, Mr. Goldman pleaded guilty before the Honorable Leonard D. Wexler in the United States District Court for the Eastern District of New York to a five-count information charging him with wire fraud, in violation of 18 USC § 1343. Sentence has not yet been imposed. Mr. Goldman is presently cooperating with the United States Attorney's office.

Mr. Goldman has been advised by his attorney that his offense constitutes a serious crime within the meaning of Judiciary Law § 90 (4) (d). He avers that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress, by anyone and that he has consulted with his attorney and is fully aware of the implications of submitting this resignation, including being barred by Judiciary Law § 90 and the rules of the Appellate Division, Second Department, from seeking reinstatement as an attorney for a minimum of seven years.

Mr. Goldman's resignation is submitted subject to any application which could be made by the Grievance Committee for an order pursuant to Judiciary Law § 90 (6-a) directing restitution or reimbursement to the Lawyers' Fund for Client Protection. He acknowledges the continuing jurisdiction of the Appellate Division, Second Department, to make such an order in appropriate cases, which could be entered as a civil judgment against him, and he waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Mr. Goldman accepts full responsibility for his conduct and sincerely apologizes to the Court and his colleagues at the bar. He submits that he made full restitution more than three years ago and will continue to cooperate with the Grievance Committee and the United States Attorney's office.

Mr. Goldman's counsel notes Mr. Goldman's extreme remorse and supports acceptance of his proffered resignation.

The Grievance Committee concurs with Mr. Goldman's contention that the crimes he committed constitute serious crimes and are not essentially similar to any New York felony. The Grievance Committee urges acceptance of the proffered resignation.

Inasmuch as Mr. Goldman's proffered resignation complies with all appropriate Court rules, it is accepted, and, effective immediately, Mark L. Goldman, admitted as Mark Lawrence Goldman, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and MASTRO, JJ., concur.

Ordered that the resignation of Mark L. Goldman, admitted as Mark Lawrence Goldman, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Mark L. Goldman, admitted as Mark Lawrence Goldman, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Mark L. Goldman, admitted as Mark Lawrence Goldman, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Mark L. Goldman, admitted as Mark Lawrence Goldman, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Mark L. Goldman, admitted as Mark Lawrence Goldman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).